## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK D. THRASHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00627 RMU |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action.  Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because 26 U.S.C. § 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  In the alternative, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to meet his burden in proving exhaustion of administrative remedies as required by 26 U.S.C. § 7433(d)(1).  In the alternative, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

//

//

//

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: June 21, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2551867.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JACK D. THRASHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00627 RMU |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential return information. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Inasmuch as Plaintiff's unauthorized disclosure claim relates to collection actions taken by the Internal Revenue Service ("Service"), specifically the filing of notices of federal tax liens, can Plaintiff recover under 26 U.S.C. § 7431?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded. 26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet his burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to collection of taxes and may disclose information to state tax agencies.  26 U.S.C. § 6103(d) and (k)(6).  Did the Service violate section 6103?

## STATEMENT OF FACTS

1. <u>Introduction</u>

On April 2, 2007, Plaintiff, acting *pro se*, filed his complaint.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2. <u>The present action under section 7431</u>

Plaintiff argues that Service agents caused notices of federal tax liens to be recorded with the "Secretary of State, Austin Texas." (<u>Id</u>. ¶ 5.)  Plaintiff alleges that each notice of federal tax lien wrongfully discloses tax return information (i.e. name, address,

and social security number) and that the disclosure has subjected him to the possibility of identity theft.  (Id. ¶¶ 9, 11.)

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information.  (Id. ¶ 1.)

Attached to Plaintiff's complaint is a notice of federal tax lien, prepared and signed on June 23, 2006, and filed with the Secretary of State, Austin, Texas.  (Id. ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiff has at least $401,479 in unpaid tax liabilities for the years 1994-2000.  (Compl., Attachment.)  The notice of federal tax lien identifies Plaintiff by name, address, and identifying number.  (Id.)

    3.  The prior action under section 7431

On September 5, 2006, Plaintiff filed a nearly identical complaint with the Court. Thrasher v. United States, No. 1:06-cv-01623 (D.D.C. filed Sept. 5, 2006). [1]  On January 11, 2007, the Court dismissed Plaintiff's claims.  Id.

---

[1]  The United States asks that the Court take judicial notice of the information contained in Plaintiff's previous filings in Thrasher v. United States, No. 1:06-cv-01623 (D.D.C) and Thrasher v. United States, No. 1:06-cv-01075 (D.D.C.).  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

4.  <u>The prior action under section 7433</u>

Plaintiff has previously filed a complaint against the United States under the

authority of 26 U.S.C. § 7433 (hereinafter Plaintiff's Section 7433 complaint).  <u>Thrasher v.</u>

<u>United States</u>, No. 1:06-cv-01075 (D.D.C. filed June 12, 2006).  Plaintiff's Section 7433

complaint alleged a variety of forms of misconduct by the Service.  (<u>Id.</u>)  Plaintiff's

Section 7433 complaint included an allegation that the Service, "in connection with the

collection of federal income tax willfully, recklessly, intentionally, or by reason of

negligence disregarded 26 U.S.C. § 6103(a) by disclosing confidential income tax return

information..." (<u>Id.</u> at 6-7.)  Plaintiff acknowledged that 26 U.S.C. § 7433 is Plaintiff's

exclusive remedy.  (<u>Id.</u> ¶ 16.)

On November 17, 2006, the Court issued a Memorandum Opinion dismissing

Plaintiff's claims largely based on his failure to exhaust administrative remedies and

therefore his failure to state a claim upon which relief could be granted.  <u>Thrasher v.</u>

<u>United States</u>, No. 1:06-cv-01075 (D.D.C. Nov. 17, 2006).

ARGUMENT

**I.  Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close

scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  <u>See</u>, <u>e.g.</u>,

<u>Macharia v. United States</u>, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); <u>Grand Lodge of Fraternal</u>

<u>Order of Police v. Ashcroft</u>, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits

the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the court need not accept as true legal conclusions couched as a factual allegations, inferences, or conclusory allegations that are unsupported by facts set forth in the complaint.  See Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.  Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claim as it relates to the filing of notices of federal tax liens must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim.  Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection. <u>Id.</u> Congress provided only one exception to section 7433's exclusivity, and that is section 7432. <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432. <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. <u>See</u> <u>Glass v. United States</u>, 480 F. Supp. 2d. 162, 164-65 (D.D.C. 2007);

- 6 -

Evans v. United States, 478 F. Supp. 2d. 68, 71 (D.D.C. 2007); Koerner v. United States,

471 F. Supp. 2d. 125, 227 (D.D.C. 2007). The legislative history provides that "an action

brought under this provision [section 7433] shall be the exclusive remedy for recovering

damages resulting from reckless or intentional disregard of a provision of the Internal

Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged

in the collection of any Federal tax." H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted

in 1988 U.S.C.C.A.N. 4515, 5288-89.

    Judicial precedent also supports the exclusivity of section 7433. In Shwarz v.

United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of

collection activity, and barred a claim under section 7431 in such a case. Shwarz v.

United States, 234 F.3d 428 (9th Cir. 2000). In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to

effect a levy and when revenue officers posted seizure notices at plaintiffs' place of

business. Id. Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431. Id. See also Elias v. United States, No. 90-0432, 1990 WL 264722,

at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir.

1992).

This Court recently concurred with the holding in Shwarz and the exclusivity of

section 7433. Glass v. United States, 480 F. Supp. 2d 162, 165 (D.D.C. 2007) ("§ 7433 bars

claims under § 7431 when the alleged IRS disclosures involve federal tax collection

activity"); Evans v. United States, 478 F. Supp. 2d 68, 72 (D.D.C. 2007); Powell v.

United States, 478 F. Supp. 2d 66, 67 (D.D.C. 2007); Koerner v. United States, 471 F.

Supp. 2d 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue

of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims

under § 7431."); Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This

Court...concludes that, based on the plain language of section 7433(a) and its legislative

history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such

relief under [other statutes].").

Plaintiff's unauthorized disclosure claim relates to notices of federal tax liens

filed with the Secretary of State, Austin, Texas. (Compl. ¶ 5, Attachment.) Accordingly,

Plaintiff's unauthorized disclosure claim relates to the Service's collection activities. See

Glass, 480 F. Supp. 2d at 165; Powell, 478 F. Supp. 2d at 67; Koerner, 471 F. Supp. 2d at

127; Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16,

2001) (noting that filing notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection

activities, this Court lacks subject matter jurisdiction, and the claim as it relates to the

filing of notices of federal tax liens should be dismissed under Fed. R. Civ. P. 12(b)(1).

To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation. Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme.

### III.   Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [section 7433] subsection (b)

unless the court determines that the plaintiff has exhausted the administrative remedies

available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433.  26 C.F.R. §

301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of
> negligence) or actual, direct economic damages...shall be sent in writing to the
> Area Director, Attn; Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives, and such claim must include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred

but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. §

301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of

jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F.

Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F.

Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions

concerning his pursuit of administrative remedies.  Furthermore, the Court previously

dismissed Plaintiff's section 7433 complaint for this very reason.  Thrasher v. United

States, No. 1:06-cv-01075 (D.D.C. Nov. 17, 2006).  As a result, Plaintiff has not

adequately met his burden in alleging that the United States has unequivocally waived

its sovereign immunity, therefore this Court does not have jurisdiction over this claim

and should dismiss the entire complaint.[2]

---

[2]  There is conflicting case law in this district concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Lindsey v. United States, 448 F. Supp. 2d 37, 52-54 (D.D.C. 2006) and Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Davenport v. United States, 450 F. Supp. 2d 96, 97n.1 (D.D.C. 2006); Holt v. Davidson, 441 F. Supp. 2d 92, 95 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).  It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  See United States v. Sherwood, 312 U.S. 584, 586 (1941)("The United States, as sovereign, is immune from suit save as it consents to be sued, *** and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.")(emphasis added); accord, United States v. Dalm, 494 U.S. 598, 608 (1990).  But in any event, the question is somewhat academic in this case, since the complaint should be dismissed for failure to state a claim even if the Court concludes that is has subject matter jurisdiction.  Moreover, should the Court conclude it has subject matter jurisdiction under section 7433, but cannot award damages on account of Plaintiff's failure to exhaust administrative remedies, the Court lacks subject matter jurisdiction to award any other form of relief, such as to declare Plaintiff's rights or to award injunctive relief.  See Lindsey v. United States, 448 F. Supp. 2d. at 57-60 (court lacks subject matter jurisdiction over plaintiff's request for declaration of rights and for injunction under section 7433).  In other words, under section 7433, this Court can award only one type of relief - money damages - but it cannot do so unless the Plaintiff has exhausted his administrative remedies.

### IV. Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process. 26 U.S.C. § 7431. Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process. 26 U.S.C. § 7433. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987); see also Koerner v. United States, 471 F. Supp. 2d at 128 ("[N]ot all disclosures of tax return information violate § 6103."). The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure. Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

- 12 -

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

Regulation 301.6103(k)(6)-1(a) states:

> [A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) Establishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed...or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens ....

26 C.F.R. § 301.6103(k)(6)-1(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return

- 13 -

information in the issuance of liens."); <u>Mann v. United States</u>, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); <u>William E. Schrambling Accountancy Corp. v. United States</u>, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain.  Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")

In the instant case, it cannot be disputed that the notice of federal tax lien was filed in connection with the official duties of the Service in attempting to collect the Plaintiff's tax liabilities.  Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien...is to place the public on notice of the lien."  <u>William E. Schrambling Accountancy Corp. v. United States</u>, 397 F.2d 1485, 1489 (9th Cir. 1991). The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

//

//

//

//

//

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, therefore the complaint

should be dismissed.  In the alternative, Plaintiff has not exhausted his administrative

remedies under the Code, therefore the complaint should be dismissed.  In the

alternative, there has been no violation of section 6103, and therefore the complaint

should be dismissed.

DATE: June 21, 2007                               Respectfully submitted,

                                         /s/ Nicole M. Stoduto
                                        NICOLE M. STODUTO
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, D.C. 20044
                                        Telephone: (202) 616-9785
                                        Facsimile: (202) 514-6866
                                        Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

JACK D. THRASHER )
                          )
            Plaintiff, )
                          )
       v. )           No. 1:07-cv-00627 RMU
                          )
UNITED STATES )
                          )
           Defendant. )

**NOTICE OF RELATED CASES**

Save for the identity of the plaintiffs, the complaints in the following cases are nearly identical to that filed in this matter:

     1. Grant North v. United States, No. 1:06-cv-1516-EGS

     2. Robert J. & Lisa L. Welzel v. United States, No. 1:06-cv-1580-RBW

     3. Will H. & Mary Catherine LaRue v. United States, No. 1:06-1495-RBW

     4. LaVern & William S. Koerner v. United States, No. 1:06-cv-1633-ESH

     5. Stephen J. and Patricia Lindsey v. United States, No. 1:06-cv-1409-RBW

     6. Rebekah H. Miller v. United States, No. 1:06-cv-1525-RMU

     7. Roy A. Watson v. United States, No. 1:06-cv-1594-EGS

     8. Bruce R. Travis v. United States, No. 1:06-cv-1584-RCL

     9. Paul B. Evans v. United States, No. 1:06-cv-1713-JDB

     10. Mary H. & Robert W. Rhodes, III v. United States, No. 1:06-cv-1840-EGS

     11. Rudolf & Glenda Luscher v. United States, No. 1:06-cv-1617-PLF

     12. Eleanor M. Glass v. United States, No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, No. 1:06-cv-1891-HHK

19. Jimmie D. & Pamela A. Ross v. United States, No. 1:06-cv-1774-HHK

20. Lee F. Garvin v. United States, No. 1:06-cv-1735-RBW

21. Thomas Powell v. United States, No. 1:06-cv-1860-RJL

22. Manfred R. & JoAnn Stockwell v. United States, No. 1:06-cv-1517-ESH

23. Thomas & Doris Moorhouse v. United States, No. 1:06-cv-2152-EGS

24. Don & Beverly Ahrens v. United States, No. 1:07-cv-35-RMU

25. Edward J. Link v. United States, No. 1:06-cv-2113-GK

DATE: June 21, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JACK D. THRASHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00627 RMU |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

Having considered the United States' motion to dismiss, memorandum in
support thereof, and any oppositions and replies thereto, the Court concludes that the
motion ought to be granted.  Accordingly, it is this _____ day of _____,
2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiff's complaint be and is DISMISSED WITH PREJUDICE,
and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the
parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

JACK D. THRASHER
Plaintiff *pro se*
10325 Cypresswood Drive
Apartment 1027
Houston, Texas  77070

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

JACK D. THRASHER )
)
        Plaintiff, )
)
    v. )      No. 1:07-cv-00627 RMU
)
UNITED STATES )
)
       Defendant. )

**<u>CERTIFICATE OF SERVICE</u>**

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, proposed ORDER, and NOTICE OF RELATED CASES were caused

to be served upon Plaintiff *pro se* on the 21st day of June, 2007, by depositing a copy in

the United States' mail, postage prepaid, addressed as follows:

      Jack D. Thrasher
      Plaintiff *pro se*
      10325 Cypresswood Drive
      Apartment 1027
      Houston, Texas  77070

                                       /s/ Nicole M. Stoduto
                               NICOLE M. STODUTO