## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jack D Thrasher                                 Case No. 1:07-cv-00627
PO 366
Genoa NV 89411                                  Jury Trial Demanded

      Plaintiff(s),

    v.                                       RECEIVED

United States Government                          JUL 2 3 2007

      Defendant.                    NANCY MAYER WHITTINGTON, CLERK
                                                  U.S. DISTRICT COURT

## AMENDED VERIFIED COMPLAINT, PETITION, AND CLAIM
## FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

### I
### INTRODUCTION

COME(S) NOW Jack D Thrasher , and for cause(s) of action, aver(s):

**I.    PARTIES**

    A.    Plaintiff(s), is/are (a) Citizen(s) of Texas.

    B.    Defendant is the UNITED STATES OF AMERICA.

**II.    JURISDICTION**

    A.    This Court has jurisdiction pursuant to:

        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

      as amended;

**III.    VENUE**

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV EXHAUSTION REQUIREMENT

Plaintiff has exhausted all administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 10, Area Director Dallas, 4050 Alpha Road, 1000 MSRO, Dallas, TX 75244 received on July 24, 2006, certified mail number 70060100000048671110. More than 6 months have passed and plaintiff has not received a response. Therefore the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation.

## V.  ALLEGATIONS[1]

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. Plaintiff(s) believe(s) that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to

---

[1] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

support a 7433 claim.

COUNT 1

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to provide plaintiff copies of all assessment records for each and every year beginning with 1994 and continuing to the date of the filing of this action;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6303, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, within sixty (60) days after the alleged making of an assessment of a tax pursuant to section 6203,failed to give notice that plaintiff(s) were liable for the alleged unpaid tax, stating the amount and demanding payment thereof;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue section 6304, with the intent to defeat the application thereof, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s);

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320 with respect to income tax, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, on or about June 2006, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Montgomery, County, State of Texas (an) unlawful Notice(s) of Tax Lien(s)[2].

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, in connection with the aforementioned Notice(s) of Federal Tax Lien(s) wrongfully disclosed, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set

---

[2] *Tomlinson v. United States*, 1991 WL 338328, (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of underlying liens and levies is irrelevant), *affd* 977 F.2d 591 (9th Cir. 1992); *Flippo v.United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."),*aff'd*,849 F.2d 604 (4th Cir. 1988).

forth herein;

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, through the aforementioned wrongful disclosure has subjected plaintiff(s) to the real possibility of identity theft;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years identified in the aforementioned Notice(s) of Federal Tax

Lien(s);

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing the aforementioned notice(s) of lien(s) and/or levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6320, with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, failed to hold a meaningful hearing in conjunction with

subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each

of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax

Lien(s)/Levy(s); ;

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6321, with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, asserted a lien for failure or neglect to pay without giving

proper notice and without making demand for each of the aforementioned years as set

forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 13

On or about 1994 the IRS began tax collection action against plaintiff(s).

In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing the aforementioned Notice(s) of Federal Tax Lien(s)/Levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for each of the aforementioned years as set forth on the aforementioned

Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1994 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Texas for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s); .

IV

**REMEDY SOUGHT**

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance

as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _____, 2007

_____
Jack D Thrasher

### Acknowledgment

~~NEVADA~~ On the above inscribed date before the undersigned, a Notary Public for the State of ~~Texas~~, personally appeared, Jack D Thrasher,  known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Nevada

County of Douglas

MARL FRANKE
NOTARY PUBLIC
STATE OF NEVADA
No.07-422 Appointment Exp. Jan. 2, 20