## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

JACK D. THRASHER )
                             )
             Plaintiff, )
                             )
       v.                         )       No. 1:07-cv-00627 RMU
                             )
UNITED STATES )
                             )
            Defendant. )

### UNITED STATES' MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

The United States moves to dismiss this action. Plaintiff's claims should be dismissed because Plaintiff has duplicative claims pending before the Court. In the alternative, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to provide the necessary factual detail to state a claim. In the alternative, Plaintiff's claims for which the statute of limitations has expired should be dismissed. Finally, Plaintiff's claims as they relate to non-collection activities should be dismissed because section 7433 authorizes damages for wrongful collection activities only and Plaintiff's claims as they relate to collection activities should be dismissed because Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

//

//

//

2654790.1

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: August 6, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2654790.1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK D. THRASHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00627 RMU |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF THE
## UNITED STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This is a civil action in which Plaintiff alleges that the Internal Revenue Service ("Service") disregarded various provisions of the Internal Revenue Code. Plaintiff's amended complaint should be dismissed because it is duplicative and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Plaintiff has two actions pending before the Court which involve the same subject matter. Should Plaintiff's amended complaint be dismissed because the allegations it contains are indistinguishable from those contained in a complaint filed with the Court on June 5, 2007?

Plaintiff's amended complaint consists of generalized allegations without factual support. Should the Court dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted?

Section 7433(d)(3) requires plaintiff to bring suit within two years after the date the right of action accrues. Plaintiff complains of collection actions undertaken by the Service from 1994 to the present. Should the Court dismiss Plaintiff's claims for which the statute of limitations has expired?

Section 7433 authorizes damages for wrongful collection activities. Should the Court dismiss Plaintiff's claims which involve non-collection activities?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. Pursuant to exceptions provided in Title 26, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to collection of taxes. Did the Service violate section 6103?

STATEMENT OF FACTS

1. <u>Introduction</u>

On April 2, 2007, Plaintiff, acting *pro se*, filed a complaint pursuant to 26 U.S.C. § 7431. On June 21, 2007, the United States filed a fully supported motion to dismiss. In its motion, the United States demonstrated that Plaintiff's section 7431 claim must be dismissed because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and the Court therefore lacks subject matter jurisdiction over this claim. The United States also demonstrated that even if this case were properly before the Court under either 26 U.S.C. §§ 7431 or 7433, Plaintiff has not proven that there has been a violation of 26 U.S.C. § 6103.

- 2 -

On July 23, 2007, Plaintiff filed an amended complaint.

2.  The instant action under section 7433

In his amended complaint, Plaintiff changes his cause of action from one brought pursuant to 26 U.S.C. § 7431 to one brought pursuant to 26 U.S.C. § 7433.  Similar to Plaintiff's original complaint, Plaintiff's amended complaint alleges that the Service unlawfully recorded and disclosed taxpayer information (counts 6, 7, and 8).  Plaintiff's amended complaint includes additional claims; Plaintiff alleges that the Service failed to comply with assessment procedures (counts 1 and 2), failed to comply with section 6304, which prohibits harassing taxpayers (count 3), failed to send required notices (counts 9 and 12), failed to provide hearings and mediation (counts 10, 11, and 13), and improperly asserted tax liens (count 14).

3.  The parallel action under section 7433

Plaintiff filed a similar complaint against the United States under the authority of 26 U.S.C. § 7433 on June 5, 2007.  Thrasher v. United States, No. 1:07-cv-01015 (D.D.C. filed June 5, 2007).  The complaint filed in that action contains 160 counts and is approximately 100 pages long.  The complaint includes allegations based on the same subject matter at issue in the instant matter, i.e., that the Service assessed Plaintiff and has been attempting to collect Plaintiff's outstanding tax liabilities for several years. This matter is pending with the Court.

3. <u>The prior action under section 7433</u>

Plaintiff has previously filed a complaint against the United States under the

authority of 26 U.S.C. § 7433.  <u>Thrasher v. United States</u>, No. 1:06-cv-01075 (D.D.C. filed

June 12, 2006).  Plaintiff's first section 7433 complaint alleged a variety of forms of

misconduct by the Service and is very similar to Plaintiff's amended complaint in the

instant matter.  (<u>Id.</u>)

On November 17, 2006, the Court issued a Memorandum Opinion dismissing

Plaintiff's claims..  <u>Thrasher v. United States</u>, No. 1:06-cv-01075 (D.D.C. Nov. 17, 2006).

ARGUMENT

**I.  Standard of Review**

 When determining a motion to dismiss for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the

allegations and facts in the complaint in a light most favorable to the plaintiff, and must

grant the plaintiff the benefit of all inferences that can be derived from those facts.  <u>See</u>

<u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the court need not

accept as true legal conclusions couched as a factual allegations, inferences, or

conclusory allegations that are unsupported by facts set forth in the complaint.  <u>See</u>

<u>Trudeau v. Fed. Trade Comm'n</u>, 456 F.3d 178, 193 (D.C. Cir. 2006); <u>Kowal v. MCI</u>

<u>Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.  Plaintiff's Amended Complaint Is Duplicative

Plaintiff's section 7433 complaint filed on June 5, 2007 concerns the same subject matter at issue in Plaintiff's amended complaint.  The Court should therefore dismiss the amended complaint because it is duplicative.  See Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)(plaintiff had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant).

## III.  Plaintiff's Amended Complaint Is Legally Insufficient

In the alternative, Plaintiff's amended complaint for damages under 26 U.S.C. § 7433 is legally insufficient because it fails to provide the necessary facts to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests.  Fed. R. Civ. P. 8(a).

There are no facts in Plaintiff's amended complaint to support a claim for damages; and thus, the Court should conclude that Plaintiff has not, in fact or law, stated such a claim.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

## IV.  Plaintiff's Claims Are Barred by the Statute of Limitations

Section 7433(d)(3) provides a two-year statute of limitations for claims of wrongful collection.  26 U.S.C. § 7433(d)(3).  All such claims must be brought within two years after the date the right of action accrued.  Id.; Gandy Nursery, Inc. v. United States, 412 F.3d 602, 603n.3 (5th Cir. 2005); Dziura v. United States, 168 F.3d 581, 582 (1st

Cir. 1999); <u>Bright v. United States</u>, 446 F. Supp. 2d 339, 344, 345 (E.D. Pa. 2006).  If a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to timely file suit deprives the court of jurisdiction.  <u>Gandy v. United States</u>, 234 F.3d 281, 283 (5th Cir. 2000).

Plaintiff does not specifically address when he first learned of the Service's collection activities.  All of Plaintiff's allegations include the phrase, "[o]n or about 1994 the IRS began tax collection action against plaintiff(s)."  It can be assumed therefore, that some of Plaintiff's allegations are barred by the two year statute of limitations.  The Court should dismiss Plaintiff's claims for which the statute of limitations has expired because the Court lacks jurisdiction to hear those claims.

## V.  Plaintiff's Claims as They Relate to Non-Collection Activities Must Be Dismissed

Section 7433 authorizes damages for wrongful collection activities only.  <u>See, e.g.</u>, <u>Buaiz v. United States</u>, 471 F. Supp. 2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes")(citing cases); <u>Zolman v. IRS</u>, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim).

These non-collection activities are found in Plaintiff's counts alleging violations or failure to comply with assessment procedures (counts 1 and 2), failure to provide hearings and mediation (counts 10, 11, and 13), and failure to comply with assessment

procedures (counts 1 and 2).  Accordingly, and in the alternative, all claims in Plaintiff's
amended complaint which involve non-collection activities must be dismissed for
failure to state a claim upon which relief may be granted.

### VI. Plaintiff's Claims as They Relate to Collection Activities Must Be Dismissed

Plaintiff has not alleged sufficient facts upon which to posit a violation of 26
U.S.C. § 6103.  Section 7431 provides civil damages when there is a negligent or willful
violation of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section
7433 protects taxpayers from negligent or intentional violations of section 6103, *inter
alia*, in the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer
privacy-protection statute, and states the general rule that return information shall be
confidential, and that, except as authorized, such information shall not be disclosed.
Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987);
see also Koerner v. United States, 471 F. Supp. 2d 125, 128 (D.D.C. 2007)("[N]ot all
disclosures of tax return information violate § 6103.").  The Internal Revenue Code
contains a number of specific and several general exceptions to this rule of non-
disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is
> not otherwise reasonably available...with respect to the enforcement of any
> other provisions of this title.  Such disclosures shall be made only in such
> situations and under such conditions as the Secretary may prescribe by
> regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

Regulation 301.6103(k)(6)-1(a) states:

> [A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) Establishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed...or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens ....

26 C.F.R. § 301.6103(k)(6)-1(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174,

1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")

In the instant case, it cannot be disputed that the notice of federal tax lien filed with the County of Recorder/ Register of Deeds of Montgomery County, Texas was filed in connection with the official duties of the Service in attempting to collect Plaintiff's tax liabilities and that the disclosure of the information contained in the lien was not wrongful. Therefore, and in the alternative, Plaintiff's claims that the Service unlawfully recorded and disclosed taxpayer information (counts 6, 7, and 8) must be dismissed.

//

//

//

//

CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint should be dismissed.

DATE: August 6, 2007

Respectfully submitted,

/s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JACK D. THRASHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00627 RMU |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Having considered the United States' motion to dismiss Plaintiff's amended

complaint, memorandum in support thereof, and any oppositions and replies thereto,

the Court concludes that the motion ought to be granted.  Accordingly, it is this _____

day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiff's amended complaint be and is DISMISSED WITH

PREJUDICE, and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

JACK D. THRASHER
Plaintiff *pro se*
P.O. Box 366
Genoa, Nevada 89411

- 2 -

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

JACK D. THRASHER            )
                                    )
            Plaintiff,            )
                                    )
       v.                          )       No. 1:07-cv-00627 RMU
                                    )
UNITED STATES              )
                                    )
           Defendant.       )

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

PLAINTIFF'S AMENDED COMPLAINT, MEMORANDUM, and proposed ORDER

were caused to be served upon Plaintiff *pro se* on the 6th day of August, 2007, by

depositing a copy in the United States' mail, postage prepaid, addressed as follows:

       Jack D. Thrasher
       Plaintiff *pro se*
       P.O. Box 366
       Genoa, Nevada 89411

                                        /s/ Nicole M. Stoduto
                                    NICOLE M. STODUTO