THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JACK D. THRASHER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0627 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 3, 6 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM ORDER**

**DENYING THE DEFENDANT'S JUNE 21, 2007 MOTION TO DISMISS AS MOOT;
GRANTING THE DEFENDANT'S AUGUST 6, 2007 MOTION TO DISMISS**

This matter comes before the court on the defendant's motion to dismiss the plaintiff's amended complaint. On April 2, 2007, the plaintiff, Jack Thrasher, filed a complaint charging the Internal Revenue Service ("IRS") with unlawful disclosure of confidential personal information by filing notices of a federal tax lien[1] with the "Secretary of State, Austin Texas." Compl. ¶¶ 1, 5. The plaintiff alleged that each notice wrongfully disclosed tax return information (name, address and social security number), and that the disclosure subjected him to the possibility of identity theft. *Id.* ¶¶ 9, 11. The plaintiff sought expungement of the lien and actual and punitive damages under 26 U.S.C. §7431. *Id.* ¶¶ 19-20.

On July 23, 2007, the plaintiff amended his complaint by substituting a §7433 claim for his §7431 claim and alleging exhaustion of administrative remedies, presumably in response to the defendant's motion to dismiss filed June 21, 2007 in which the government raised these deficiencies as jurisdictional bars. *See generally* Am. Compl.; Def.'s Mot. to Dismiss (Jun. 21,

---

[1] The notices indicate that the plaintiff has at least $401,479 in unpaid tax liabilities for the years 1994-2000. Compl., Ex. A.

2007) at 5. The amended complaint contains 14 counts and brings new claims, including charges that the IRS violated its own procedures and harassed the plaintiff. Am. Compl at 2-10.

On August 6, 2007, the defendant filed a second motion to dismiss. Def.'s Mot. to Dismiss (Aug. 6, 2007). The defendant argues that the court should dismiss the amended complaint as duplicative because on June 5, 2007 the plaintiff filed a similar complaint in another action under §7433 alleging substantially the same violations in a 160-count, 100-page pleading. *Id.* at 3, 5. The defendant also contends that the amended complaint fails to provide the necessary facts to state a claim and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Id.* The defendant, not yet out of arguments, then notes that the plaintiff dates his cognizance of the alleged violations back to "on or about 1994," placing his complaint outside the two-year statute of limitations for §7433 claims. *Id.* at 5-6. Moreover, as §7433 authorizes damages exclusively for wrongful collection activities, the defendant maintains that those counts alleging failure to comply with assessment procedures (Counts 1 and 2) and failure to provide hearings and mediation (Counts 10, 11 and 13) should be dismissed. *Id.* at 6. Finally, because regulations authorize the IRS to disclose tax return information when issuing a lien, the defendant contends that the counts alleging wrongful disclosure (Counts 6, 7 and 8) should be dismissed. *Id.* at 9.

After the expiration of the period allotted for response under the Local Civil Rules, on September 5, 2007 the court issued an order directing the *pro se* plaintiff to respond to the motion to dismiss and to recognize that his failure to do so might result in the court treating the defendant's motion as conceded. Order (Sept. 5, 2007); LCvR 7(b). Over two months later, the plaintiff has yet to file a response – despite the fact that the plaintiff did have time over the

summer to file another complaint retreading the same ground covered in his amended complaint. The plaintiff has, thereby, duplicated the issues but avoided illuminating any of them. Dismissal is, thus, doubly appropriate here. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (declaring that no plaintiff has the right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant); *McCoy v. Read*, 2003 WL 21018864, at *1 (D.C. Cir. Apr. 29, 2003) (per curiam) (authorizing a court to treat a motion to dismiss as conceded by a forewarned *pro se* plaintiff). The court, therefore, will treat the defendant's first motion to dismiss as mooted by the amended complaint and the second motion to dismiss as conceded.

    **WHEREFORE,** it is this 10th day of January 2008 hereby

    **ORDERED** that the defendant's June 21, 2007 Motion to Dismiss is **DENIED** as **MOOT**; and it is

    **FURTHER ORDERED** that the defendant's August 6, 2007 Motion To Dismiss is **GRANTED**; it is

    **SO ORDERED**.

                                                 RICARDO M. URBINA
                                              United States District Judge